IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS DIMATTEO, JR.,<br>Plaintiff,<br><br>v.<br><br>THE SCHOOL DISTRICT OF PHILADELPHIA,<br>Defendant. | CIVIL ACTION<br><br><br><br>NO. 17-0898 |

## MEMORANDUM OPINION

Plaintiff, a long-time employee in the School District of Philadelphia's Transportation Department was laid off in the summer of 2015 when he was 59 years old. The District did not hire him back although they did bring on board other people who were younger than him and who did some of the work he had been doing. He says it was age discrimination and has sued under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* ("PHRA"). The District has filed a motion for summary judgment.

## I.  FACTS

For almost 27 years, Plaintiff Nicholas DiMatteo, Jr., worked for the Defendant the School District of Philadelphia ("the District") in various capacities including as a scheduling coordinator in the Transportation Department. He was laid off by his boss, James Davis, at a time when the Department was particularly busy because not only had several people retired but the Department was in the process of implementing a new software system. After he was laid off, Transportation brought in new personnel from other District departments to help as the Department raced to prepare bus schedules and routes for the upcoming school year.

Davis's successor, Marvin Lee, recognized that the Department was understaffed.  He also identified a culture based on favoritism that resisted attempts at change.  In an effort to address the staffing shortage, Lee talked to the Plaintiff about the possibility of returning to work, but – about a month later – told the Plaintiff that he would not be rehired.

Plaintiff believes both of these decisions – his being laid off and then not re-hired – were motivated by his age.  He reasons that employees who performed certain of his responsibilities immediately after he was laid off were significantly younger than him.  He also heard from colleagues that Davis had expressed a hiring preference for computer-literate college graduates and had stated that he wanted "college graduates because these younger kids were more on the ball with the computer systems."  Davis also reportedly said he wanted to bring in "fresh blood," stating to Plaintiff that he wanted "to bring in some younger people, some young blood in here."  Davis denies saying these statements but admits he was seeking college graduates who had backgrounds in bus routing.

With respect to the District's failure to re-hire the Plaintiff, Lee testified that he likely made statements about the Plaintiff being "stuck with like an old way of doing business." Plaintiff recalls that when Lee interviewed him, Lee both stated the "old way of doing things was not necessarily the best way" and asked him how long he would be expected to stay in any new position.

On December 10, 2015, Plaintiff dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").  On December 1, 2016, the EEOC issued him a Notice of Right to Sue.

He filed this lawsuit on February 27, 2017.[1]

**II. LEGAL STANDARD**

Summary judgment must be granted if the District shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). Material facts are determined by reference to the substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). With respect to these material facts, a genuine issue exists "when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007). The non-moving party must show where in the record evidence a genuine dispute exists and not merely deny the moving party's pleadings. *Id.* Summary Judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

**III. ANALYSIS**

Both the burden of proof in a discrimination claim based on indirect evidence, as is the case here, and the elements required to establish a case are governed by the burden-shifting

---

[1] The District questions whether Plaintiff exhausted his administrative remedies with respect to his PHRA claims. He dual filed his charge with the EEOC and the PHRC on December 10th, 2015, requested from the EEOC a notice of right to sue and received the notice on December 1st, 2016. He then bought this suit on February 27, 2017. The PHRC informs complainants that "[i]f your complaint has not been dismissed or resolved in one year after it was filed, you have the right to file in court." http://www.phrc.pa.gov/About-Us/Publications/Documents/General%20Publications/ComplaintProcess_7-2017_Final.pdf.
*See* 43 PA. CONS. STAT. ANN. § 962(c). Here, when Plaintiff filed his lawsuit more than one year after he filed his charge and the PHRC had not dismissed or resolved it, he has exhausted his administrative remedies with respect to his PHRA claim. *Clay v. Advanced Computer Applications, Inc*. 559 A.2d 917, 920 (Pa. 1989) (PHRA complainant may pursue his claim in the courts "if within one year after the filing of a complaint, the PHRC dismisses the complaint or fails to enter a conciliation agreement to which the complainant is a party.") (emphasis added).

3

framework originally announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009). The framework puts the initial burden of proof and production to demonstrate a *prima facie* case on the plaintiff. *Id*.

If the plaintiff makes out a *prima facie* case, the burden of production – but not the burden of persuasion – shifts to the defendant to offer a legitimate and non-discriminatory reason for the adverse action. *Id.* at 690. Upon such a showing, the burden of production shifts back to the plaintiff to show the rationale is pretext for age discrimination. *Id.* The plaintiff's arguments on pretext then "become part of . . . the greater enterprise of proving the real reason was intentional discrimination." *St Mary's Honor Center v. Hicks*, 509 U.S. 502, 517 (1993). While this requires the plaintiff to "convince the factfinder both that the reason was false, and that discrimination was the real reason," *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994), at summary judgment the district court looks for evidence suggesting the proffered reasons are false or discrimination was more likely. *See Fasold v. Justice*, 409 F.3d 178, 185 (3d Cir. 2005) (citing *Fuentes* for the same).[2]

Turning first, then, to the prima facie case. To prove a case of age discrimination, a plaintiff must prove that age was a "but for" reason for the adverse employment action. *See Gross v. FBL Fin. Servs.*, 557 U.S. 167 (2009). A *prima facie* case for age discrimination is made out if: (1) the plaintiff is over forty years of age; (2) the defendant undertook an adverse employment action; (3) the plaintiff was qualified for the position; and, (4) the plaintiff was replaced by a sufficiently younger employee. *Smith*, 589 F.3d at 689.

---

[2] Plaintiff's PHRA claims are analyzed using the same framework as his ADEA claims. *See Mason v. Se. Pa. Transp. Auth.*, 134 F. Supp.3d 868, 872-73 (E.D. Pa. 2015).

With respect to Plaintiff's lay-off claim, the District does not challenge that he falls within the protected class (he is older than forty), that he was subjected to an adverse employment action (he was laid off) or that he was qualified for the position.

Rather, its contention is that, with respect to Plaintiff's lay-off claim, he has failed to show that he was replaced by a sufficiently younger employee. It argues that Plaintiff's position was eliminated when he was laid off and that, even though a similar position was created by Lee some time later, that position was filled by a person who was insignificantly younger than the Plaintiff – only four years younger – and who is, in any event, over 40. Plaintiff points to record evidence to the effect that, even assuming his position was eliminated, the Department brought in at least two people age 27 and 29 to take on the responsibilities of that position. The District never truly refutes this proposition. Thus the issue of whether Plaintiff was replaced by a significantly younger employee remains in dispute.

With respect to Plaintiff's failure to re-hire claim, the District argues he cannot show that the position he sought was filled by someone significantly younger than him or that the District continued to seek applicants. In response, Plaintiff told the EEOC, and reasserts the contention here, that the District considered him for a specific position "managing the school district garages" but hired Forrest Tarver, aged 33, instead. Nothing in the record, apart from Plaintiff's own statement, supports these statements. Nevertheless, the parties agree that he made it clear that he was seeking to return to the District's employ in any capacity. *See EEOC v. Metal Serv. Co.*, 892 F.2d 341, 349 (3d Cir. 1990) (noting plaintiff's efforts to apprise defendant of interest in employment). Thus, with respect to the garage management position, there is a genuine dispute as to whether Plaintiff was not hired in favor of Tarver. Because Tarver is significantly younger than the Plaintiff, the fourth element of the *prima facie* case is met.

5

The District contends it laid off Plaintiff for poor performance which contention is supported by numerous e-mails concerning his resistance to and the implementation of the new software system. Davis also claims to have held a meeting with Plaintiff about his poor performance about three weeks before the layoff. Although none of the e-mails or any other documentation found its way into Plaintiff's personnel file, inclusion of the e-mails in the record is sufficient to satisfy the District's burden of production. *St. Mary's Honor Ctr.*, 509 U.S. at 509 ("In the nature of things, the determination that a defendant has met its burden of production . . . can involve no credibility assessment.").

Accordingly, the burden of production shifts back to the plaintiff to show the rationale is pretext for age discrimination. To satisfy this burden, Plaintiff must "point to some evidence, direct or circumstantial, from which a factfinder could reasonably disbelieve either (1) the employer's articulated legitimate reasons; or (2) believe than an invidious discriminatory reason was more likely than not a [but for] cause of the employer's action." *Fuentes*, 32 F.3d at 764.

Plaintiff says the reasons offered by the District are pre-textual because they changed over time or are not supported by the evidence. First, he was told when he was laid off that it was because the Department was being reorganized. However, the District's COO testified at deposition that she was unsure whether there was a planned Department reorganization at the time, and, even if there was, Plaintiff's termination was not immediately related to it. Second, the District took the position in the EEOC investigation that Plaintiff was terminated because of the District's "budget crisis," but the COO testified that he was not fired because of budgetary issues. Third, the District now claims he was terminated for poor performance – including resisting efforts to implement the new software – even though he had no disciplinary records in
6

his personnel file. Finally, it would make no sense for Lee to hold a meeting with him to discuss the prospect of him returning to the District, if he had been let go for performance reasons.

The District's shifting rationales for Plaintiff's termination provides sufficient evidence from which a jury might infer the District's explanations are pre-textual and disbelieve its articulated reasons. Certainly, there is an issue of material fact regarding the credibility of the District's reasons for laying him off.

The District also provides a legitimate and non-discriminatory reason for not re-hiring Plaintiff – he was resistant to Lee's attempts to change the culture. Plaintiff also characterizes this as pre-textual. He offers Lee's statement that "the old way of doing things was not necessarily the best way," or, alternatively, that Plaintiff was "stuck with like an old way of doing business" as evidence of age discrimination. Lee said he did not mean the statement to refer to Plaintiff's age but rather to the culture of the Department culture that Lee was trying to change. Even construing the statement as Plaintiff would have, as a stray remark it does not constitute sufficient evidence of age discrimination. *See, e.g.*, *Daniels v. Sch. Dist. of Philadelphia*, 776 F.3d 181, 194 (3d Cir. 2015) (single comment calling some teachers "grandparents" not unlawful discrimination); *Milham v. Cortiva Educ., Inc.*, 302 Fed. App'x 70, 71 (3d Cir. 2008) (finding comment that professor wearing ties to work was "old school" and gave an "old professor" impression was too attenuated to support pretext).[3]

---

[3] *See also Ramanna v. County of Beaver*, 2008 WL 4204713 (W.D. Pa. Sept. 11, 2008) (finding comment that plaintiff was "old school," when viewed in context, could lead no reasonable jury to determine it reflected discriminatory animus to establish pretext); *Shontz v. Rite Aid of Pa., Inc.*, 619 F. Supp.2d 197, 210-11 (W.D. Pa. 2008) (finding comment that another employee was "old school" alone did not satisfy the second prong of *Fuentes*); *Grossman v. Daily Racing Form, Inc.*, 1994 WL 273389 (D.N.J. June 10, 1994) (remark that employee was "old school" could not be found by a reasonable jury to evidence discriminatory animus); *but see Keiser v. Borough of Carlisle*, 2017 WL 736851 (M.D. Pa. Feb. 24, 2017) (finding repeated use of ageist remarks such as "old school" and other employees testimony about replacing maturing staff sufficient to find discrimination).

Putting the statements in context underscores that conclusion. In *Keller v. Orix Credit Alliance, Inc.*, the Third Circuit held that a statement about hiring "young bankers" if the plaintiff was "getting too old for the job" did not sufficiently satisfy the second prong of *Fuentes*. 130 F.3d 1101, 1111-13 (3d Cir. 1997). While standing alone – temporally attenuated from the adverse action and not substantively related to the decision to terminate – the statement could not "reasonably be viewed as sufficient to prove by a preponderance of the evidence that age was a [but for] cause" of plaintiff's termination, *id*., it did not foreclose the possibility that it might be in different circumstances such as "(1) the relationship of the speaker to the employee and within the corporate hierarchy; (2) the temporal proximity of the statement to the adverse employment decision; and (3) the purpose and content of the statement." *Shontz*, 619 F. Supp. 2d at 210 (citing *Keller*).

Here, the uncontroverted record evidence is that while Lee was the decision-maker in the Department, he had worked with Plaintiff previously and was considering bringing him back. Thus, though Lee eventually decided not to rehire Plaintiff, it was Lee who brought him in for an interview with the thought of hiring him back. Contextually, the comment occurred at (what could be considered) a hiring interview, a scenario in which it would be common to talk about the corporate culture a newly-appointed manager planned to instill.[4] In fact, Plaintiff understood the comment to mean "I was too old in the way I was doing things," not that he was too old or considered to be too old to do the job. Thus, even while assuming the comment might lead to "an inference of age-based animus . . . these words alone could [not] reasonably be viewed as sufficient to prove by a preponderance of the evidence that age was [a but for] cause" of Lee's

---

[4] His question about how long Plaintiff would plan to stay in any new position is a question that would be asked of any employer, regardless of the age of the interviewee, in evaluating the candidate's commitment to the job.

decision. *Keller*, 130 F.3d at 1112. Thus, Plaintiff has not rebutted the District's articulated legitimate reason for failing to rehire him.

Accordingly, the District's motion for summary judgment shall be denied with respect to Plaintiff's termination claim and granted with respect to his failure to re-hire claim.

An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**

Date: 11/15/17